PATRICK H. MURPHY *v.* THE CITY OF NEW ORLEANS.

A police officer may be entitled to a reward offered by the city, for detecting and bringing to conviction one charged with arson.

The ordinance offering the reward was not intended to be temporary, and is still in force.

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J.

*Henderson, Jr.,* and *Holland,* for plaintiff. *Livingston,* City Attorney, for appellant.

VOORHIES, J. This appeal is taken by the defendant from a judgment rendered in favor of the plaintiff for the sum of $500, allowed him as a reward under an ordinance of the city, approved the 28th of June, 1813, for detecting and bringing to conviction one *W. E. Roberts,* for the crime of arson.

The defence is placed on two grounds: 1st. That the plaintiff was a police officer, acting in the discharge of his duty, and was therefore not entitled to any compensation; and 2d. That the ordinance was intended to be temporary

I. It does not appear that the defendant was acting as a polic officer when *Roberts* was accused of the crime for which he was convicted and sentenced. But admitting that he did, nothing shows that it was incumbent on him as such to perform the act for which he claims the reward allowed under the ordinance. It is clear that this cannot be viewed as an agreement to compensate the plaintiff for services which he was bound to render as a police officer.

II. We are of opinion the ordinance is still in force, and was not intended, when passed, to be temporary, as contended for by the defendant's counsel. The fact of its being inserted in the Digest of the City Ordinances published in 1831, shows conclusively to our minds, that it has never been considered as a temporary ordinance. The case of *Loring* v. *The City of Boston,* 7 Met. 409, does not appear to us to be analogous to the present. There, the Mayor, who was probably authorized either by law or an ordinance, offered a reward for the apprehension and conviction of any person committing the crime of arson within the limits of the city. Upwards of four years afterwards, a fire broke out in Boston, and the plaintiff, who had procured the conviction of the offender, claimed the reward. Under the publication thus made by the Mayor, it was held that the plaintiff could not maintain the action. Here, the ordinance itself fixes the reward in such cases, and must have its effect until repealed.

It is therefore ordered and decreed, that the judgment of the District Court be affirmed, with costs.